Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2405 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Muniz vs. Rexnord Corp., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, defendants' joint motion to dismiss Count II and to strike and dismiss certain claims is granted as to dismissing Count II and denied as to the remaining counts. Defendants' alternative joint motion to strike class allegations in Count II is denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 54 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | SEP 0 3 2004 | |
| | | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN MUNIZ and ED MUNIZ, JOSEPH SHROKA and DIANE SHROKA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04 C 2405 |
| v. | ) ) | Judge John W. Darrah |
| REXNORD CORPORATION; AMES SUPPLY CO.; THE MONEY CORPORATION; SCOT INCORPORATED; LINDY MANUFACTURING CO.; PRECISION BRAND PRODUCTS, INC.; TRICON INDUSTRIES, INC.; and MAGNETROL INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) | DOCKETED SEP 0 3 2004 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a multi-count class action suit against Defendants, alleging Defendants contaminated drinking water with cancer-causing pollutants by dumping such contaminants in the water supply. Presently before the Court are the Joint Motion to Dismiss Count II (RCRA) and to Strike and Dismiss Certain Claims and Alternative Joint Motion to Strike Class Allegations in Count II.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002);

54

*Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

## BACKGROUND

A reading of the Class Action Complaint supports the following summary of the alleged operative conduct of the parties.

Plaintiffs reside in unincorporated DuPage County, Illinois. Defendants are Illinois corporations who occupied, operated, and controlled property within the Ellsworth Industrial Park. Defendants used chlorinated solvents and other hazardous solvents over several years, which have spilled into the soil and groundwater. The hazardous substances from each of the Defendants' properties have commingled and migrated, and continue to migrate, in liquid and vapor form, in a groundwater plume running from Defendants' properties toward and into Plaintiffs' properties, contaminating, infiltrating and threatening the soil, groundwater, domestic water supply and indoor air quality of the homes in the area. Plaintiffs and other class members have been exposed for many years to potentially dangerous levels of these chemicals through ingestion, dermal exposure, and inhalation.

Beginning in 2001, the Illinois Environmental Protection Agency ("IEPA") formed a groundwater investigation near Downers Grove, Illinois. The investigation consisted of three rounds of residential well sampling in the area. Approximately 495 private drinking wells were sampled and analyzed for volatile organic compounds. Sample results of more than 84 percent of the properties revealed elevated levels of certain volatile organic compounds. Based on the results, the United States Environmental Protection Agency ("USEPA") classified the Ellsworth Industrial Park, including each of the Defendants' properties, and the groundwater contamination running from the Defendants' properties onto Plaintiffs' properties, as a Superfund site.

Due to the test results, the Illinois Department of Health advised the Plaintiffs to cease using their wells for drinking water or other purposes. Plaintiffs were warned to use an alternative water source or install a water treatment unit designed to remove volatile organic compounds. Additionally, in 2003, in response to the contamination, the DuPage County Board, citing its obligation to protect the health of its residents, declared all homes in the class area to be connected to a public water supply and enacted legislation requiring all private groundwater wells in the class area abandoned and sealed.

As a result of the contamination, the properties in the class area have been substantially decreased and impaired. The release of the volatile organic compounds has also threatened the Plaintiffs' health, including an increased cancer rate. Furthermore, the Plaintiffs have expended time and money to respond to the releases.

Plaintiffs, on their own behalf and on behalf of the Class, bring nine counts against the Defendants. Count I seeks response costs pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"). Count II seeks relief under the

Resource Conservation and Recovery Act ("RCRA"). Count III alleges a nuisance, and Count IV alleges trespass. Count V alleges a claim for strict liability of an ultrahazardous activity. Count VI alleges a claim of *res ipsa loquitur*. Count VII alleges a claim of negligence, and Count VIII alleges a claim of negligence based on statutory violations. Lastly, Count IX alleges a claim of willful and wanton misconduct.

## ANALYSIS

Defendants first argue that Plaintiffs' RCRA claim is barred because an Administrative Order on Consent has been entered into by the USEPA and all Defendants.

RCRA contains a provision, 42 U.S.C. § 6972, which permits private citizen suits to enforce the RCRA's provisions. However, to assure that the USEPA Administrator remains the primary enforcement authority under RCRA and that polluters are not subject to duplicative litigation, the RCRA provides several bars to private causes of action. *See* 42 U.S.C. § 6972(b); *Organic Chemicals Ste PRP Group v. Total Petroleum, Inc.*, 6 F. Supp. 2d 660, 664 (W.D. Ohio 1998) (*Organic*); *McGregor v. Industrial Excess Landfill, Inc.*, 709 F. Supp. 1401, 1407 (N.D. Ohio 1987).

Section 6972(b)(2)(B)(iv) provides that a private cause of action can be commenced if the Administrator has obtained a court order, including a consent decree, or has issued an administrative order under Section 106 of CERCLA, to which a responsible party is diligently conducting a removal action, remedial investigation and feasability study ("RI/FS"), or proceeding with a remedial action. 42 U.S.C. § 6972(b)(2)(B)(iv). However, such private causes of action are prohibited pursuant to this clause "only as to the scope and duration of the administrative order referred to in clause (iv)." 42 U.S.C. § 6972(b)(2)(B)(iv).

The parties concede that an order on consent ("AOC") relating to the Ellsworth Industrial Park has been entered. Plaintiffs argue that they seek relief beyond the scope of the AOC. Specifically, Plaintiffs contend that their RCRA claim seeks monies for service fees and monthly water bills and to compel Defendants to abate airborne contamination caused by the contaminated groundwater and that such relief is not included in the scope of the AOC.

The AOC, of which the Court may take judicial notice[1], includes funding of the connection of the Plaintiffs to a non-contaminated water supply. The AOC does not address possible airborne contamination from the contaminated groundwater. At the time the AOC was issued, the Defendants entered into an Agreement in Principle ("AIP") regarding remedial investigation. Defendants cite to the USEPA's comments to residents' concerns over the proposed settlement between the alleged contaminators and the other interested entities, including the USEPA, the IEPA, and DuPage County, in which the USEPA states that airborne contamination will be addressed in a later stage of the Superfund process. While the USEPA's comments indicate that airborne contamination will be addressed, the AOC does not address this issue. Accordingly, 42 U.S.C. § 6972(b)(2)(B)(iv) does not bar Plaintiffs' RCRA claim. *See Organic*, 58 F. Supp. 2d at 764-65 (RCRA claim could proceed because it addressed both groundwater and soil contamination while the Administrative Order only addressed groundwater contamination); *A-C Reorganization Trust v. E.I. DuPont De Nemours & Co.*, 968 F. Supp. 423, 430-31 (E.D. Wis. 1997) (finding plaintiff's claims not barred by Consent Order because there existed at least two possible ways the RCRA claims went beyond the Consent Order).

---

[1]*See Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994); *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997); *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).

Defendants also argue that Plaintiffs' RCRA claim is barred pursuant to Section 6972(b)(2)(B)(iii) of the RCRA.

The RCRA also prohibits private citizen suits brought under 42 U.S.C. § 6972(b)(2)(B) where the USEPA has incurred costs to initiate a RI/FS under Section 104 of CERCLA and is diligently proceeding with a remedial action under CERCLA. 42 U.S.C. § 6972(b)(2)(B)(iii).

It is undisputed that the USEPA and IEPA have incurred substantial costs for sampling and analysis of various parcels of land in and around Ellsworth Industrial Park. This data that is being collected is to be used by both the USEPA and IEPA in the RI/FS undertaken as part of the AIP process. Plaintiffs cite to language in the AIP that they consider "speculative" as to the USEPA's future activities and that it has not yet been established that the USEPA has incurred costs to initiate a RI/FS. However, the AIP clearly states that the USEPA will pay for the sampling of the site in preparation of the RI/FS. The collection and analysis of the site is required to draft the actual RI/FS. As such, the payment for the collection and analysis of the site constitutes paying costs to initiate the RI/FS. Furthermore, the USEPA's activities, including the AOC, the AIP, and the payment for the costs of sampling the site in preparation for the RI/FS, demonstrate diligently proceeding with a remedial action to address the contaminated site. "To permit a private suit to go forward under RCRA when the state has already acted would contradict the Congressional intent of avoiding duplication of efforts." *McGregor v. Industrial Excess Landfill, Inc.*, 709 F. Supp. 1401, 1408 (N.D. Ohio 1987) (payment of funds for sampling and analysis of groundwater and soil prohibited private citizen suit under 42 U.S.C. § 6972(b)(2)(B)(iii)).

6

Based on the above, Count II of Plaintiffs' Complaint is dismissed. Furthermore, in light of the dismissal of Count II, Defendants' Alternative Joint Motion to Strike Class Allegations in Count II is denied as moot.

Defendants also seek dismissal of Plaintiffs' personal injury claims, arguing that such claims are barred by the statute of limitations. Defendants argue that Illinois's discovery rule controls the operation of the statute of limitations for Plaintiffs' personal injury claims and that such claims are barred by the applicable two-year statute of limitations. Plaintiffs argue that the continuing tort doctrine controls the operation of the statute of limitations and that their claims are not time-barred. Plaintiffs also argue that if the discovery rule is applicable to their claims, such claims are not barred.

The running of the statute of limitations is generally a question of fact. However, the running of the statute of limitations can be decided by the court as a question of law when the existence of the bar is clear from the pleadings. *See Clay v. Kuhl*, 189 Ill. 2d 603, 609-10 (2000) (*Clay*).

Under the discovery rule, a cause of action accrues when the party knows or reasonably should have known of an injury and that the injury was wrongfully caused. *See Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1982) (*Knox*). "Wrongfully caused" does not mean that a plaintiff must have knowledge of the defendant's negligent conduct before the statute of limitations is triggered. *See Knox*, 88 Ill. 2d at 415. Instead, "[a]t some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point ... the running of the limitations period commences." *Knox*, 88 Ill. 2d at 416.

When a tort involves continuing or repeated conduct, the limitation period does not begin to run until the date of the last injury or when the tortious conduct ceased. *See Johnson v. Tipton*, 103

Ill. App. 3d 291, 300 (1982). A continuing tort "is occasioned by continuing unlawful acts and conduct." *Hyon Waste Mgmt. Serv., Inc. v. City of Chicago*, 214 Ill. App. 3d 757, 763 (1991) (*Hyon*). The continuing tort rule is generally applied to nuisance and trespass cases. *See, e.g., Meyers v. Kissner*, 149 Ill. 2d 1 (1992) (uninterrupted flooding of downstream landowner by upstream landowner). However, a continuing tort is distinguished from a continuing injury, or "continuing ill effects from an initial violation." *Hyon*, 214 Ill. App. 3d at 763. In the case of a continuing injury, a plaintiff's cause of action accrues when the effects of the injury first become known to the property owner, notwithstanding the fact that these effects are continuing. *See Powell v. City of Danville*, 253 Ill. App. 3d 667, 669 (1993).

Plaintiffs allege that the Defendants dumped, spilled or otherwise released chlorinated compounds into the soil and groundwater in the Ellsworth Industrial Park, resulting in injuries to the Plaintiffs. This alleged conduct constitutes the alleged tortious activities by the Defendants. The Complaint does not indicate when, or if, the alleged tortious conduct ceased. Accordingly, the Court cannot determine as a matter of law when the tortious activities ceased and if the continuing tort theory is applicable. Nor can it be determined when Plaintiffs had knowledge of the Defendants' alleged conduct for applying the discovery rule. Accordingly, a question of fact remains; and Defendants' motion as to this issue must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss Count II and to Strike and Dismiss Certain Claims is granted as to dismissing Count II and denied as to the remaining counts. Defendants' Alternative Joint Motion to Strike Class Allegations in Count II is denied as moot.

Dated: September 1, 2004

JOHN W. DARRAH
United States District Judge

9