# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2405 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Muniz vs. Rexnord, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to strike or sever and stay count II of Rexnord's third-party complaint is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | DEC 15 2004 | |
| | Notified counsel by telephone. | | | date docketed | 96 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MF | | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANN MUNIZ and ED MUNIZ and JOSEPH SHROKA )
and DIANE SHROKA, individually )
and on behalf of all others similarly situated, )
)
Plaintiffs, )
) No. 04 C 2405
v. )
) Judge John W. Darrah
REXNORD CORPORATION; AMES SUPPLY CO.; )
THE MORELY CORPORATION; SCOT )
INCORPORATED; LINDY MANUFACTURING )
CO.; PRECISION BRAND PRODUCTS, INC.; )
TRICON INDUSTRIES, INC.; AND MAGNETROL )
INTERNATIONAL, INC., )
)
Defendants. )
_____ )
)
REXNORD INDUSTRIES, INC., )
)
Third-Party Plaintiff, )
)
v. ) DEC 15 2004
)
RHI HOLDINGS, INC. and THE FAIRCHILD )
CORPORATION, )
)
Third-Party Defendants. )

## MEMORANDUM OPINION AND ORDER

Rexnord Industries, formerly known as Rexnord Corporation ("Rexnord"), filed a third-party action against RHI Holdings, Inc. ("RHI") and The Fairchild Corporation ("Fairchild"), alleging contribution under Section 113(f) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.* (Count I); breach of contract (Count II); and contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2

(Count III). Presently before the Court is RHI and Fairchild's Motion to Strike or Sever and Stay Count II of Rexnord's Third-Party Complaint.

## BACKGROUND

A reading of the Third-Party Complaint supports the following summary of the alleged operative conduct of the parties.

On or about August 16, 1988, RHI (then known as Rexnord Inc.) and Rexnord executed a "Bill of Sale, Assignment, and Assumption Agreement," under which RHI spun-off the Mechanical Power Division, which operated at Ellsworth Industrial Park facilities. RHI retained minority ownership of the stock of Rexnord under this agreement. In December of 1993, RHI, Fairchild, and BTR Dunlop Holdings entered a Purchase Agreement ("Purchase Agreement") to purchase RHI's remaining minority ownership interest in Rexnord, wherein Fairchild and RHI agreed to jointly and severally indemnify and hold harmless Rexnord "from and against all losses, liabilities, claims, damages, fines, penalties, assessments, encumbrances, liens, costs and expenses (including the reasonable and necessary costs, expenses and fees of outside attorneys, consultants, or contractors for investigating, preparing, or defending against any liability, commenced or threatened, and including all response, remedial and corrective actions, group administrative and engineering costs), relating to Rexnord's or its predecessors' ownership, operation, possession or control of the MPD [Mechanical Power Division] businesses, properties or facilities on or prior to August 19, 1988 . . . arising out of or in any way related or connected to an Environmental Law . . . as a result of the generation, use, handling, storage, transport, disposal, release, or threatened release of any Materials of Environmental Concern."

Class action Plaintiffs, Ann and Ed Muniz, filed suit against the now Third-Party Plaintiff, Rexnord, and other entities located in the Ellsworth Industrial Park, seeking recovery under Section 107 of CERCLA, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, and pendant claims under Illinois common law. In their Complaint, Muniz alleged release of chemicals, including trichloroethylene ("TCE") and perchlorethylene ("PCE"), in and around the industrial facilities located in the Ellsworth Industrial Park in Downers Grove, Illinois. Subsequently, these chemicals have migrated into the groundwater and have contaminated the Muniz's property and water supply, in addition to airborne vapor contamination caused by the releases. Accordingly, Muniz alleges that Rexnord, which operates its facilities at two properties within the Ellsworth Industrial Park, amongst other businesses operating within the Ellsworth Industrial Park, is liable for these injuries.

Furthermore, the United States Environmental Protection Agency ("USEPA") has alleged that Rexnord is liable for environmental property damage to Rexnord's properties and to groundwaters in areas located in and near the Ellsworth Industrial Park. Pursuant to an Administrative Order by Consent with the USEPA, Rexnord is obligated to provide a share of the cost necessary to connect residents living near the Ellsworth Industrial Park to the public water supply. Rexnord has already paid a total of $21,000 in interest due to the DuPage Water Commission and its share of the PRP Group administrative costs and has provided financial assurance to cover the future costs of $306,500.

Rexnord alleges that RHI and Fairchild have breached the Purchase Agreement by failing to respond to Rexnord's tender of this matter, to undertake Rexnord's defense, or to reimburse Rexnord for all costs and liabilities incurred and to be incurred by the Muniz's class action. Specifically,

3

Rexnord contends that they are being sued by the Muniz class action Plaintiffs under CERCLA, an environmental law, for the use, handling or release of TCE or PCE, a material of environmental concern. Moreover, Rexnord has satisfied all of its contractual obligations under the Purchase Agreement, which involved providing RHI and Fairchild with all relevant information regarding Rexnord's alleged liability, including documents from the USEPA's investigations of the Ellsworth Industrial Park, the Special Notice Letter issued by the USEPA, notice of the Muniz class action against Rexnord, and attention to RHI and Fairchild's obligation of defense and indemnity pursuant to the Purchase Agreement. Despite Rexnord's repeated tender to this matter, RHI and Fairchild have failed to respond or to reimburse Rexnord for defense costs incurred, or to be incurred from the Muniz class action lawsuit. Lastly, pursuant to Section 7(d) of the Purchase Agreement, RHI's and Fairchild's failure to respond or contest Rexnord's notices within forty-five days results in a binding determination that Rexnord has incurred a "loss" covered by the Purchase Agreement, thus satisfying the requirement that Rexnord suffered damages as a result of the alleged breach by RHI and Fairchild.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

RHI and Fairchild first argue that Rexnord's breach of contract claim is premature, because Rexnord has not suffered a "recoverable loss" according to the terms of the contract, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). RHI and Fairchild also argue that defenses of litigation costs are not subject to indemnity by them. Rexnord contends that the contractual definition of losses, including those incurred in litigation defense, have been suffered.

Section 7(a) of the Purchase Agreement, discussed above, states that RHI and Fairchild agree to indemnify Rexnord from "all losses, . . . costs and expenses (including . . . expenses and fees of outside attorneys, . . . preparing, or defending against any liability, commenced or threatened . . .)." Rexnord's presence in all relevant lawsuits indicates that, at a minimum, attorney's fees have already been incurred. Moreover, RHI and Fairchild's argument that Rexnord is not eligible for indemnification for costs incurred in "preparing or defending against any liability" is explicitly rebutted by the language of Section 7(a) of the Purchase Agreement itself. Additionally, Rexnord alleges that it has already paid $21,000 towards connecting the Muniz class action Plaintiffs' residences to the public water supply and has provided financial assurance to pay an additional $306,500 in the future. Thus, recoverable losses have actually been incurred by Rexnord in defending the Muniz class action lawsuit. Moreover, even if there was no showing of losses, the Purchasing Agreement states that if no notice disputing the facts or the amount of the losses claimed is received by Rexnord within forty-five days, such claims are deemed "incurred." Rexnord has also pled that it sent requisite reports and notices but received no response from RHI or Fairchild. While RHI and Fairchild contend that they did respond by disputing the indemnification claim by Rexnord, this issue raises questions of fact which would be inappropriately decided at the motion to dismiss stage. Accordingly, Rexnord has satisfactorily stated a claim for breach of contract.

Next, RHI and Fairchild contend that the Purchase Agreement contained a choice of law and forum selection provision, thus making this Court an improper venue and warranting dismissal for Count II, pursuant to Fed. R. Civ. P. 12(b)(3). Rexnord does not address a forum selection provision in its Third-Party Complaint. RHI and Fairchild attached it to their motion, and Rexnord contends in its Response that the referenced clause was not mandatory. Specifically, Rexnord claims that Section 9(k)(i) of the Purchase Agreement merely provides consent by RHI and Fairchild to be sued in the state courts of Delaware or the Federal District Court for the Southern District of New York, but it does not require suits to be brought exclusively in those districts.

While the court generally will not go outside of the complaint on a motion to dismiss, Fed. R. Civ. P. 10(c) provides that any document adopted by reference in the pleadings may be considered as part of the pleadings. Furthermore, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).[1] This exception is especially applicable in cases interpreting a contract. *Rosenblum*, 299 F.3d at 661 (citing *Levinstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The contract in this case, the Purchase Agreement, is unquestionably central to the breach of contract claim alleged by Rexnord; thus, it may be considered. The Court will consider as part of the pleadings brought in both by reference in the Third-Party Complaint and by attachment by RHI and Fairchild to the Motion to Dismiss.

---

[1] A court may consider such documents without converting a motion to dismiss into a motion for summary judgment. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

The Purchase Agreement states, "This Purchase Agreement and the rights and obligations of the parties hereto shall be governed by, and construed and interpreted in accordance with, the law of the State of Delaware . . . Any legal action or proceeding with respect to this Purchase Agreement may be brought in the courts of the State of Delaware or of the United States of America for the Southern District of New York . . . Nothing contained in this Section 9(k) shall affect the right of the other parties to serve process in any other manner permitted by law or commence legal proceedings or otherwise proceed against the other parties in any other jurisidiction." This provision does provide for a choice of law requirement, but the Purchase Agreement also explicitly states that nothing in this supposed forum selection provision affects the rights of Rexnord to bring suit in any other jurisdiction. Therefore, this Court is not an improper venue for Rexnord's breach of contract claim against RHI and Fairchild.

Lastly, RHI and Fairchild argue that Rexnord's breach of contract claim, and specifically its alleged breach regarding costs incurred from the USEPA investigation, is unrelated to the already-complex class action liability suit and should be dismissed, or alternatively, severed and stayed until the parties can resolve the Muniz class action dispute, pursuant to Fed. R. Civ. P. 14(a).

Fed. R. Civ. P. 14(a) states, in pertinent part, "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff . . . Any party may move to strike the third-party claim, or for its severance or separate trial." Rule 21 further provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. In deciding when to sever a claim, the district court has broad discretion. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016

7

(7th Cir. 2000); *Otis Clapp & Son, Inc. v. Filmore Vitamin Company*, 754 F.2d 738, 743 (7th Cir. 1985).

While RHI and Fairchild have properly moved pursuant to rule to strike the third-party claim, there is no reason to justifiably do so. Rexnord has alleged that RHI and Fairchild "is or may be liable" to Rexnord for the Muniz class action claims against Rexnord. Defendant has done what is precisely permitted by Rule 14(a) in bringing in a third party. Moreover, Fed. R. Civ. P. 18(a) allows for the joinder of claims, "either as independent or as alternate claims, . . . as the party has against an opposing party." Thus, all claims against RHI and Fairchild are correctly joined by Rexnord.

Finally, a stay is not appropriate since it could potentially unduly burden Rexnord with legal costs that RHI and Fairchild may be liable for under the indemnification agreement. This interest outweighs the interest of the possibility of the breach of contract claim becoming moot or failing.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Strike or Sever and Stay Count II of Rexnord's Third-Party Complaint is denied.

Dated: December 14, 2004

JOHN W. DARRAH
United States District Judge

8