UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN MUNIZ, ED MUNIZ, JOSEPH SHROKA, and DIANE SHROKA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04 C 2405 |
| v. | ) ) ) | Judge John W. Darrah |
| REXNORD CORPORATION; AMES SUPPLY CO.; THE MONEY CORPORATION; SCOT INCORPORATED; LINDY MANUFACTURING CO.; PRECISION BRAND PRODUCTS, INC.; TRICON INDUSTRIES, INC.; and MAGNETROL INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a multi-count class action suit against Defendants, alleging Defendants contaminated drinking water with cancer-causing pollutants by dumping such contaminants in the water supply. Count I seeks response costs pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended. Count II seeks relief under the Resource Conservation and Recovery Act. Count III alleges a nuisance, and Count IV alleges trespass. Count V alleges a claim for strict liability of an ultrahazardous activity. Count VI alleges a claim of *res ipsa loquitur*. Count VII alleges a claim of negligence, and Count VIII alleges a claim of negligence based on statutory violations. Lastly, Count IX alleges a claim of willful and wanton misconduct. Presently before the Court is Plaintiffs' Motion for Class Certification.

The underlying facts are fully set forth in this Court's previous disposition addressing a motion of one of the Defendants to strike or sever and stay Count II of the Third-Party Complaint of another Defendant. Accordingly, they need not be repeated here.

Plaintiffs' proposed class is defined as:

> All persons who currently, or in the past, own(ed) or reside(d), on property within the area bounded by Inverness to the north, 63rd Street to the south, Dunham Street to the east, and Interstate 355 to the west whose properties have been impacted, or a threat exists that it will be impacted, by hazardous substances released within the Ellsworth Industrial Site.[1]

To receive class certification, Plaintiffs must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiffs must also satisfy at least one of the three provisions under Rule 23(b).

The propriety of class certification is a separate issue than whether the plaintiff will ultimately prevail on the merits of its claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). However, "[t]he proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (*Szabo*). Before certifying a class, " a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo*, 249 F.3d at 676. For example, a district court would not be free to accept an allegation of 10,000 class members for purposes of numerosity in the face of a dispute on that

---

[1] In their reply brief, Plaintiffs concede that generally class action suits involving environmental contamination claims where class members will likely have differing monetary damages are typically certified as to liability, and the issue of monetary damages is reserved for individualized treatment. Accordingly, class certification in the instant case will be limited to the issue of liability. *See Mejdreck v. The Lockformer Co.*, 2002 WL 1838141 (N.D. Ill. Aug. 12, 2002); *Leclercq v. The Lockformer Co.*, 2001 WL 198840 (N.D. Ill. Feb. 28,. 2001).

2

point. *See Szabo*, 249 F.3d at 676. Accordingly, the Court does not determine the substantive strength or weakness of the allegations in the complaint but rather the merits of the allegations only as they bear on the suitability of a class action suit under Rule 23(a) and (b). *See Rahim v. Sheahan*, 2001 WL 1263493 at * 10 (N.D. Ill. Oct. 19, 2001).

*Numerosity*

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiffs need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Plaintiffs allege a class size in excess of 800 persons. The Defendants do not dispute this number. Accordingly, the numerosity requirement is satisfied.

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives

rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Here, Plaintiffs allege that Defendants occupied, operated, and controlled property within the Ellsworth Industrial Park. Defendants used chlorinated solvents and other hazardous solvents over several years, which have spilled into the soil and groundwater. The hazardous substances from each of the Defendants' properties have commingled and migrated, and continue to migrate, in liquid and vapor form, in a groundwater plume running from Defendants' properties toward and into Plaintiffs' properties, contaminating, infiltrating and threatening the soil, groundwater, domestic water supply and indoor air quality of the homes in the area.

Plaintiffs contend that the "core questions" are "whether or not and to what extent Defendants caused contamination of the area in question. Common questions of fact and law to the proposed class include: (1) whether the Defendants used certain harmful chemicals in the operations of its business, (3) whether each Defendant contributed to the contamination within the Ellsworth Industrial Superfund Site, and (4) the nature and extent of harms and threats of harm caused by the Defendants to the class area and the environment.

The Defendants argue that Plaintiffs do not meet the commonality or typicality requirement because the Defendants are located in different areas within the industrial park, and the Plaintiffs' properties are located in different areas. While these differences exist, the underlying questions of whether or not the Defendants' conduct caused contamination in the area and, if so, to what extent Defendants should be held liable remain. Plaintiffs need not be identical – certification is permissible if plaintiffs allege that defendants engaged in some standardized conduct towards the proposed class. *See Mejdreck v. The Lockformer Co.*, 2002 WL 1838141 (N.D. Ill. Aug. 12, 2002)

(*Mejdreck*) (finding differences in class members' types of homes and whether some plaintiffs tested negative for contamination did not "overshadow" common operative fact of defendant's liability for contaminating property), *aff'd*, 319 F.3d 910 (7th Cir. 2003); *Ludwig v. Pilkington North Am., Inc.*, 2003 WL 22478842 (N.D. Ill. Nov. 4, 2003) (*Ludwig*) (factual differences between class members, such as differing levels and sources of arsenic contamination, not great enough to destroy common questions presented by plaintiffs of whether Defendant mishandled waste and whether the waste migrated to class members' properties).

Defendants also argue that commonality and typicality do not exist because of the complex hydrogeology in the area. However, this argument goes directly to the merits of the claims against the varying Defendants, as demonstrated by Plaintiffs' references to reports and data contrary to Defendants' assertion, and does not alter the underlying question of liability and the common nucleus of underlying facts. *See Mejdreck*, 2002 WL 183141 at *3-4; *Leclercq v. The Lockformer Co.*, 2001 WL 198840 (N.D. Ill. Feb. 28,. 2001) (variation in amount of contamination in proposed class members' wells goes to merits of claims and does not destroy commonality via a common course of conduct that results in an injury to the class as a whole).

Defendants argue that the commonality and typicality requirements are also not met because of the existence of a defense unique to the named Plaintiffs - waiver of their claims via a Water Services Agreement. A unique defense may destroy typicality where the defenses against a named plaintiff are likely to consume a significant portion of the litigant's time and energy and where there is a danger that preoccupation with defenses unique to the representatives will cause absent class members to suffer. *See In re Systems Software Assoc., Inc.*, 2000 WL 1810085 (N.D. Ill. Dec. 8, 2000). In the instant case, the claimed defense of waiver per the Water Services Agreement

does not appear to be unique as to the named Plaintiffs as most of the proposed class that were required to obtain water from Downers Grove were required to execute the Water Services Agreement. Furthermore, the defense should not require a significant amount of time to resolve or detract attention from absent class members' claims. *See Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996) (defenses of release, tender of laches unique to some class members did not prohibit finding of typicality); *In re Systems Software Assoc., Inc.*, 2000 WL 1810085 at * 2 (defenses of dismissal from suit or release insufficient to prohibit finding of typicality).

As to commonality and typicality, Defendants argue that the class certification is improper because Plaintiffs do not allege a single source of conduct to be the proximate cause of the contamination of all the properties. Contrary to Defendants' argument, the Plaintiffs do allege the same general conduct by the Defendants – dumping dangerous chemicals that have commingled into the groundwater and impacted the entire class. Accordingly, commonality and typicality exist. *See Ludwig*, 2003 WL 22478842 at * 5 (commonality requirement met because claims of multiple sources and methods of contamination constituted a single course of conduct of disposing harmful waste); *Mejdreck*, 2002 WL 1838141 at *3 (plaintiffs' allegation that defendants allowed chemical to contaminate the soil, groundwater, and property constitutes standardized conduct by the defendants towards the proposed class members; therefore, common questions of law and fact exist); *Leclercq*, 2001 WL 199840 at 5 (typicality requirement met because the defendants' alleged course of conduct – the misuse and mishandling of chemical by the defendants – was the same for all of the proposed class members and caused the same damage).

*Adequacy of Representation*

The class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In determining adequacy of class representation, the court considers (1) whether any conflicts of interest exist between the named plaintiffs and the class members and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996).

Defendants do not argue that Plaintiffs' counsel would not provide adequate class representation. However, Defendants argue that the named Plaintiffs are inadequate class representatives because they are not seeking all potential claims of all class members – personal injury claims due to the alleged release of hazardous chemicals.

"[A] class action judgment . . . binds class members as to matters actually litigated but does not resolve any claim based on individual circumstances that was not addressed in the class action." *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 880 (1984). Accordingly, a class action suit seeking damages for property damage would not bar and/or prejudice any personal injury claims that the class members may have. *See Bentley v. Honeywell Int'l Inc.*, 223 F.R.D. 471, 483 (S.D. Ohio 2004) (*Bentley*); *see also, Clancey v. McBride*, 338 Ill. 35, 40 (1929) (judgment for property damage does not bar later suit for personal injury). Accordingly, Plaintiffs are adequate class representatives.

*Rule 23(b)(3)*

Plaintiffs seek class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class

7

predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Defendants' primary arguments against certification pursuant to Rule 23(b)(3) mirror their arguments against a finding of commonality and typicality. As discussed above, Plaintiffs have alleged that the Defendants engaged in a single course of conduct, disposal of hazardous chemicals, that has created a common nucleus of facts for the class. While some individualized questions exist, they do not prevent class certification. *See Ludwig*, 2003 WL 22478842 at * 4-5 (common question whether defendants mishandled waste, even though alleged to be via multiple sources and methods, that contaminated plaintiffs' properties predominated over individualized questions); *Mejdreck*, 2002 WL 1838141 at * 6-7; *Leclercq*, 2001 WL 199840 at * 7; *Bentley*, 223 F.R.D. at 486-87.

Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. *See Ludwig*, 2003 WL 22478842 at * 5; *Mejdreck*, 2002 WL 1838141 at * 7; *Leclercq*, 2001 WL 199840 at * 7; *Bentley*, 223 F.R.D. at 488 (collectively, finding that class action is superior form of adjudication of case involving contamination of property by a hazardous chemical). Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

For the foregoing reasons, Plaintiffs' Motion for Class Certification is granted. The certified class shall be defined as:

> All persons who currently, or in the past, own(ed) or reside(d), on property within the area bounded by Inverness to the north, 63rd Street to the south, Dunham Street to the east, and Interstate 355 to the west whose properties have been impacted, or a threat exists that it will be impacted, by hazardous substances released within the Ellsworth Industrial Site.

Dated: February 10, 2005

JOHN W. DARRAH
United States District Judge