UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN MUNIZ and ED MUNIZ and JOSEPH SHROKA )<br>and DIANE SHROKA, individually )<br>and on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>REXNORD CORPORATION, et al., )<br>)<br>Defendants. )<br>_____)<br>)<br>REXNORD INDUSTRIES, INC., et al., )<br>)<br>Third-Party Plaintiffs, )<br>)<br>v. )<br>)<br>ARROW GEAR COMPANY, et al., )<br>)<br>Third-Party Defendants. )<br>_____)<br>)<br>LOVEJOY, INC., )<br>)<br>Fourth-Party Plaintiff, )<br>)<br>v. )<br>)<br>CORNING INCORPORATED, )<br>)<br>Fourth-Party Defendant. ) | No. 04 C 2405<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Class action Plaintiffs, Ann and Ed Muniz, filed suit against Defendants, all entities located in the Ellsworth Industrial Park, seeking recovery under Section 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), and

pendant claims under Illinois common law. In their Complaint, Muniz alleged release of chemicals, including trichloroethylene ("TCE") and perchlorenthylene ("PCE"), in and around the industrial facilities located in the Ellsworth Industrial Park in Downers Grove, IL. Subsequently, these chemicals have migrated into the groundwater and have contaminated the Muniz's property and water supply, in addition to airborne vapor contamination caused by the releases. Accordingly, Muniz alleges that Defendants' businesses operating within the Ellsworth Industrial Park are liable for these injuries.

Subsequently, Defendants filed third-party contribution claims against eleven Third-Party Defendants, all of which also operate or operated in the Ellsworth Industrial Park and allegedly generated and disposed of toxic chemicals, which have entered the groundwater. Subsequent to that, Third-Party Defendant, Lovejoy, Inc., filed a fourth-party contribution claim against Fourth-Party Defendant, Corning Incorporated, seeking cost recovery under CERCLA Section 107(a) (Count I); contribution under CERCLA Section 113(f) (Count II); declaratory judgment for future response costs under CERCLA (Count III); and contribution under Illinois Joint Tortfeasor Contribution Act (Count IV). Presently before the Court is Corning's Motion to Dismiss Count IV of the First Amended Fourth-Party Complaint.

## BACKGROUND

A reading of the First Amended Fourth-Party Complaint supports the following summary of the alleged conduct of the parties.

Lovejoy manufactures couplings for transmissions, industry and machine parts at a property located in the Ellsworth Industrial Park Site ("the Property"). Until the early 1970's, Harper-Wyman

Company, the predecessor to Corning[1], owned and operated a manufacturing facility at the Property. During that time period, Harper-Wyman's manufacturing operation contaminated the soil and groundwater with a variety of solvents. Before, on, and after March 1, 1978, the contamination caused by Harper-Wyman has entered into, migrated to and from, and is currently present in the soil and groundwater at Ellsworth Industrial Park and the properties owned, occupied or controlled by Lovejoy.

## ANALYSIS

Corning seeks to dismiss Count IV of Lovejoy's Complaint, contending that Lovejoy is barred from seeking contribution from Corning under the Illinois Joint Tortfeasor Contribution Act because the cause of action did not arise on or after March 1, 1978.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (*Stachowski*).

The Illinois Joint Tortfeasor Contribution Act applies only "to causes of action arising on or after March 1, 1978." 740 ILCS 100/1. Where the actions giving rise to the contribution claim

---

[1] Corning created a company to acquire Oak Industries, which owned Harper-Wyman, through a complex series of corporate transactions; and ultimately, shareholders of Oak Industries received the right to exchange their shares for Corning stock. Oak Industries' shares were cancelled; and Oak Industries, including Harper-Wyman, ceased to exist other than as part of Corning.

occurred before March 1, 1978, dismissal of the claim is appropriate. *See Van Slambrouck v. Economy Baler Co.*, 475 N.E.3d 867 (Ill. 1985); *In re Olympia Brewing Company Securities Litigation*, 647 F.Supp. 597 (N.D. Ill. 1987). When pre-March 1, 1978 actions lead to harm continuing after March 1, 1978, however, a claim under the Contribution Act will not necessarily be barred. *See Illinois State Toll Highway Authority v. Amoco Oil Co.*, 336 Ill. App. 3d 300, 315 (2003) (*Illinois State Toll Highway Authority*). Where violations occurring after March 1, 1978 are continuing harms resulting from pre-March 1, 1978 actions, pleading those continuing violations is sufficient to state a claim under the Contribution Act so long as the violated statute imposes liability for continuing violations. *See Illinois State Toll Highway Authority*, 336 Ill. App. 3d at 315.

Lovejoy has alleged that Corning acted in violation of CERCLA.[2] Similar to the Environmental Act at issue in *Illinois State Toll Highway Authority*, CERCLA does impose liability for continuing harm. Section 107(a)(2) holds liable "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a)(2); *cf.* Environmental Act, 415 ILCS 5/42(a) ("any person that violates any provision of this Act . . . shall be liable for a civil penalty . . . for each day during which the violation continues . . . ."); *Crofton Ventures Ltd. v. G & H Partnership*, 258 F.3d 292, 297 (4th Cir. 2001) (Section 9607(a)(2) imposes liability on any previous owners or operators at the time of the disposal). Lovejoy claims that contamination caused by Corning in the early 1970's continued

---

[2]Counts I, II and III of the First Amended Fourth-Party Complaint.

after March 1, 1978 and continues to this day in violation of CERCLA; and, thus, Lovejoy has pleaded a claim for contribution from Corning under the Contribution Act.

## CONCLUSION

For the foregoing reasons, Fourth-Party Defendant's Motion to Dismiss Count IV is denied.

Dated: March 7, 2006

JOHN W. DARRAH
United States District Court Judge