# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANN MUNIZ, ED MUNIZ, JOSEPH SHROKA, and DIANE SHROKA, individually and on behalf of all others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) REXNORD CORPORATION, et al., ) ) Defendants. ) | No. 04 C 2405<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Class Action Plaintiffs filed suit against Defendants, all entities located in the Ellsworth Industrial Park in Downers Grove, IL, seeking recovery under Section 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), and pendant claims under Illinois common law. Plaintiffs allege, among other claims, strict liability based on Defendants' engaging in ultrahazardous activity (Count IV) and willful and wanton misconduct (Count VIII). Presently pending before the Court is Defendants' Motion to Dismiss Counts IV and VIII, as well as Defendants' Motion to Strike Portions of Plaintiffs' First Amended Complaint.

## BACKGROUND

A reading of Plaintiffs' First Amended Complaint supports the following summary of the alleged conduct of the parties.

Defendants have dumped cancer-causing chemicals, including trichloroethylene ("TCE") and perchlorenthylene ("PCE"), into the ground in a densely populated area of DuPage County, close to private drinking wells. Those chemicals have commingled in the groundwater, migrated, and

continue to migrate from Defendants' properties toward and into Plaintiffs' properties. As a result of the contamination, Plaintiffs have been exposed, for many years, to potentially dangerous levels of toxic chemicals through ingestion, dermal exposure and inhalation. Plaintiffs also allege that they have been and still are, as of the date of their Complaint, without a permanent or temporary source of safe water to drink and use in their homes.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

Defendants seek to dismiss Count IV, contending that, as a matter of law, their activities are not ultrahazardous.

Whether Defendants' activities are ultrahazardous is a question "of law for the court." *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 210 (1997); *see Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1176 (7th Cir. 1990) (*Indiana Harbor*); *Miller v. Civil Constructors, Inc.*, 272 Ill. App. 3d 263, 266 (1995).

Section 520 of the Restatement (Second) of Torts, which Illinois courts follow, provides that the following factors are to be considered when determining whether an activity is abnormally dangerous:

(a) the existence of a high degree of risk of some harm to the person, land or chattels of others;
(b) likelihood that the harm that results from it will be great;
(c) inability to eliminate the risk by the exercise of reasonable care;
(d) extent to which the activity is not a matter of common usage;
(e) inappropriateness of activity to the place where it is carried on; and
(f) extent to which its value to the community is outweighed by its dangerous attributes.

Although the determination of whether Defendants' activities are ultrahazardous is a question of law, a more complete record is necessary to properly analyze and apply the factual considerations set out above. Dismissal is inappropriate at this time. *See Marshall-Mosby*, 205 F.3d at 326; *Conley*, 355 U.S. at 45-46.

Defendants seek to dismiss Count VIII, contending that Illinois does not recognize a separate tort of willful and wanton misconduct.

Dismissal can be proper if state law prohibits a particular type of claim, regardless of the Plaintiff's likelihood of success in factually supporting the claim.

Plaintiffs allege in Count VIII, in part, that "defendants have acted in a wanton and willful manner and in reckless indifference to the safety of Plaintiffs' health and property . . . ." Case law, however, provides that Illinois does not recognize an independent tort of willful and wanton misconduct. *See Ziarko v. Soo Line Railroad*, 161 Ill. 2d 267, 274 (1994); *Morrow v.*

*L.A. Goldschmidt Associates, Inc.*, 112 Ill. 2d 87, 98 (1986); *Mercury Skyline Yacht Charters v. The Dave Matthews Band*, 2005 WL 3159680 (N.D. Ill. Nov. 22, 2005) (*Mercury Skyline*). Therefore, Count VIII of Plaintiffs' Complaint is dismissed.

However, Plaintiffs can recover punitive damages based on willful and wanton misconduct if the willful and wanton allegations are incorporated as part of a separate count containing a recognized tort. *See Mercury Skyline*, 2005 WL 3159680 at *10. Plaintiffs are granted leave to amend their Complaint in this regard within fourteen days of this order.

Defendants also seek to strike Paragraph 25 of Plaintiffs' Complaint, contending that the allegations of the paragraph are immaterial, false, impertinent and scandalous.

Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Generally, motions to strike are disfavored, and the court will not strike matter from a complaint unless it is clear that it can have no possible bearing on the matter of the litigation. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Patel v. Board of Governors of State Colleges and Universities*, 1995 WL 573418 at *3 (N.D. Ill. Sept. 22, 1995). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (*Talbot*).

In order to meet the standard required by Rule 12(f), a pleading must be redundant, immaterial, impertinent or scandalous. Immaterial matter is defined as that which has no

relationship to the cause of action pled. *VPHI v. National Education Training Group*, 1995 WL 51405 at *3 (N.D. Ill. Jan. 20, 1995). Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *See Talbot*, 961 F.2d at 664.

> Paragraph 25 alleges:
>> Despite their knowledge of the test results and their use of chlorinated solvents which have caused the drinking water and indoor air quality problems, none of the defendants have taken action to prevent contamination of the groundwater, and none of the defendants have, as of the date of this complaint fully provided Plaintiffs or others in the Class Area with a permanent source, or even temporary source of safe water to drink and use in their homes. Nor have any defendants taken measures to fully curtail the inhalation risk from the contaminants into the homes of Plaintiffs and others in the Class Area.

Defendants claim that every household in the Class Area has been hooked up to the Downers Grove municipal water supply at no cost to the homeowners and that the water supply is a permanent source of safe water to drink and use.

Although Plaintiffs' allegations in Paragraph 25 may or may not be true, untruthfulness is not grounds to strike portions of a complaint, according to Rule 12(f). Whether the Plaintiffs have been supplied with a safe source of water bears a relationship to the cause of action pled, and allowing the allegations to remain part of the Complaint bears little risk of causing Defendants prejudice. Accordingly, Defendants' Motion to Strike Portions of Plaintiffs' First Amended Complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count IV is denied. Defendants' Motion to Dismiss Count VIII is granted. Plaintiffs are granted leave to amend their Complaint within fourteen days of this order. Defendants' Motion to Strike Portions of Plaintiffs' First Amended Complaint is denied.

Dated: May 17, 2006

JOHN W. DARRAH
United States District Court Judge