UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN MUNIZ and ED MUNIZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 04 C 2405 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| REXNORD CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARROW GEAR COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.L. CLARK COMPANY, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The case is procedurally complex, involving multiple plaintiffs, defendants, and third- and fourth-party litigants.

On April 4, 2004, class-action Plaintiffs, Ann and Ed Muniz, filed suit against Defendants, all entities located in the Ellsworth Industrial Park, seeking recovery under Section 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), and pendent claims under Illinois common law.

Muniz alleged release of chemicals, including trichloroethylene ("TCE") and perchloroethylene ("PCE"), in and around the industrial facilities located in the Ellsworth Industrial Park in Downers Grove, IL. These chemicals migrated into the groundwater and contaminated the Muniz's property and water supply. These chemicals also caused airborne vapor contamination because of their release.

On January 19, 2006, Arrow Gear Company ("Arrow Gear") became a direct Defendant. Prior to January 19, 2006, Arrow Gear only faced contribution suits concerning the allocation of any judgment the Plaintiffs could obtain over the Defendants.

A third-amended case management order ("CMO") was entered on December 21, 2005. Plaintiffs, Defendants, and Third-Party Defendants agreed to the CMO. One of the reasons for the amended CMO was because the United States Environmental Protection Agency planned to conduct independent sampling that is relevant to the case.

The CMO set out a variety of dates; the following are significant for purposes of this motion: March 15, 2006, Joinder of Parties was to be completed; April 17, 2006, fact discovery closed; July 17, 2006, expert discovery closes; August 1, 2006, dispositive motions are due; and November 6, 2006, trial.

On March 14, 2006, Arrow Gear filed a motion for leave to file a third-party complaint. On March 15, 2006, this motion was granted,[1] with the condition that responses were to be filed by April 12, 2004.

---

[1] Arrow gear admits in its response brief that "By entering the CMO in this case, the Court clearly contemplated that parties could be joined on or before March 16, 2006."

Arrow Gear did not file their third party complaint with the clerk's office until April 6, 2006. J.L. Clark Company and D & B Group Investment, were named in the third-party complaint. J.L. Clark was not served until April 14, 2006 – a month after the motion was granted and two days after responses were due[2]. As set out by the CMO, fact discovery closed on April 17, 2006.

Currently before the Court is J.L. Clark and D & B's motion to strike and dismiss Arrow Gear's third-party complaint as untimely. This Court has the discretion to grant this motion. A motion to strike is essentially a motion to vacate this Court's prior order. "The decision to permit a third-party complaint is within the sound discretion of the trial court, based on the timeliness of the motion and the reasons for the delay." *Highlands Ins. Co. v. Lewis Rail Service Co.*, 10 F.3d 1247, 1251 (7th Cir.1993) (*Highlands*). "When considering a motion to vacate, the court will exercise the same discretion and consider the same factors as it would on an initial motion to implead." *Pearson v. Telesmith Inc.*, 1994 WL 35891 (N.D. Ill.1994) (*Pearson*). Factors to be considered are prejudice, delay of trial, timeliness, and the reason for delay of the third-party complaint. *Albino v. City of Chicago*, 578 F. Supp. 1487, 1489 (N.D. Ill. 1983) (*Albino*).

In *Highlands*, the Seventh Circuit upheld the district court's denial of a motion for leave to file a third-party complaint because the movant waited until after discovery was closed and three weeks before summary judgment motions were due. *Highlands*, 10 F.3d at 1251. The only explanation the movant's attorney presented was an intention to save money for the client. This was found not to outweigh the factors of substantial

---

[2] D & B does not precisely state when it was served. However, it was over four weeks after that the court granted Arrow Gear's motion, placing it at approximately the same time as J.L. Clark.

delay and additional complication. *See also Albino,* 578 F. Supp at 1489 (denied motion to implead third-party defendants because discovery had already been completed and defendants had filed a detailed motion for summary judgment); *Cf. Pearson,* 1994 WL 35891 (denied motion to strike third-party complaint, noting that the parties had not completed discovery – there was 90 days left until discovery closed – and no motions for summary judgment had been filed).

Arrow Gear attempts to distinguish *Highlands* and *Albino* because a third-party defendant was not attempting to strike a previous grant of leave to file the third-party complaint. This is a distinction without a difference; the factors involved in vacating the motion are the same as those considered when granting it. As the previous cited cases hold, the court has discretion and should consider prejudice, delay of trial, timeliness, and the reason for delay of the third-party complaint.

Arrow Gear's joinder of J.L. Clark and D & B was untimely because of Arrow Gear's delay in filing the third-party complaint and in service of process. A party cannot be joined before the court has jurisdiction over the party. Prior to exercising jurisdiction over J.L. Clark and D & B, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1992).

Arrow Gear was within the CMO by requesting leave to file the third-party complaint on March 14, 2006. That request was granted the following day with the order that contemplated the third-party complaint would be filed by March 16, 2006, and that responses be filed by April 12, 2006. At that point, Arrow Gear was on notice that the third-party complaint should be filed immediately and the third-party defendants served quickly. Arrow Gear waited until April 6, 2006, to file the complaint and yet another

4

week to serve J.L. Clark and D & B. The deadline to file responses to the third-party complaint had passed when J.L. Clark and D & B had been served. Because the service of process occurred after April 12, 2006, when responses were due, it was untimely.

Most importantly, Arrow Gear offers no explanation for the delay in serving J.L. Clark and D & B.

If the third-party complaint proceeds, it will cause delay and/or lead to J.L. Clark's and D & B's substantial prejudice. The delay in service of process has affected J.L. Clark's and D & B's ability to conduct fact discovery. Given the limited time between the granting of the motion and close of fact discovery (March 15, 2006 – April 12, 2006), it is unlikely that J.L. Clark and D & B could have conducted intensive fact discovery, even if served on March 15, 2006. Had they been given time to respond, they could have, at a minimum, engaged in limited discovery via Federal Rule of Civil Procedure 26 (a)(1). Furthermore, expert discovery is set to close July 17, 2006; at which point, J.L. Clark and D & B would have had only three months to prepare their expert witnesses. If the extra time were granted to compensate for the delay in filing the third-party complaint and affording service of process, it will lead to the delay of the case; and, if the court does not grant the extra time, J.L. Clark and D & B will be prejudiced. Either result requires striking the third-party complaint.

Based on the above factors, J.L. Clark and D & B's motion to strike and dismiss the third-party complaint is granted.

Dated: June 2, 2006

JOHN W. DARRAH
United States District Court Judge

5