

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN MUNIZ and ED MUNIZ and JOSEPH SHROKA and DIANE SHROKA, individually and on behalf of all others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) REXNORD CORPORATION, et al., ) ) Defendants. ) | No. 04 C 2405<br><br>Judge John W. Darrah |

REXNORD CORPORATION, et al.,

    Third-Party Plaintiffs,

v.

ARROW GEAR COMPANY, et al.,

    Third-Party Defendants.

LOVEJOY, INC.,

    Fourth-Party Plaintiff,

v.

CORNING INCORPORATED,

    Fourth-Party Defendant.

## MEMORANDUM OPINION AND ORDER

Class Action Plaintiffs filed suit against Defendants, seeking recovery under Section 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), and pendent claims under Illinois common law. In their Complaint, Muniz alleged

release of chemicals, including trichloroethylene ("TCE") and perchloroethylene ("PCE"), in and around the industrial facilities located in the Ellsworth Industrial Park in Downers Grove, IL. These chemicals subsequently migrated into the groundwater, were released in airborne vapor, and have contaminated the Muniz's property and water supply. Plaintiffs allege that Defendants' businesses operating within the Ellsworth Industrial Park are liable for these injuries.

Defendants filed third-party contribution claims against multiple Third-Party Defendants, all of whom also operate or operated facilities in the Ellsworth Industrial Park that allegedly generated and so disposed of the toxic chemicals. Third-Party Defendant, Lovejoy, Inc., subsequently filed a fourth-party contribution claim against Fourth-Party Defendant, Corning Incorporated.

Lovejoy's Second Amended Third-Party Complaint alleges that Corning's predecessor, Harper-Wyman Company, formerly owned and operated a facility in the Ellsworth Industrial Park. At the facility, Harper-Wyman used TCE and/or PCE in its manufacturing process that contaminated the soil and groundwater. In the early 1970's, Harper-Wyman ceased operations at the Ellsworth Industrial Park; and the property was sold to Lovejoy.

In 1999, Corning, as a third-tier parent through two other wholly owned subsidiaries, purchased Harper-Wyman. Following a merger agreement, Harper-Wyman became a wholly owned subsidiary of Corning. Based on Corning's acts from 2000 through 2005, Lovejoy alleges that Corning is liable for Harper-Wyman's contamination of the Ellsworth Industrial Park as the successor to "and" the alter ego of Harper-Wyman.

Presently before the Court is Corning's Motion to Dismiss Lovejoy's Second Amended Third-Party Complaint. Corning first argues that Lovejoy failed to join an indispensable party – Harper-Wyman.

## ANALYSIS

Failure to join an indispensable party motions brought pursuant to Federal Rule of Civil Procedure 19 are analyzed via a two-step process. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999) (*Thomas*). First, the court determines whether the absent party should be joined if feasible, *i.e.*, whether it is a necessary party. *Thomas*, 189 F.3d at 667. If the party is necessary, but joinder is not feasible, the court must determine if the litigation can proceed in the party's absence, *i.e.*, if the party is an indispensable party. *Thomas*, 189 F.3d at 667.

The determination of whether a party is necessary depends on whether: (1) complete relief can be had without joinder, (2) the absent party's ability to protect its interest will be impaired, and/or (3) the existing parties will face a substantial risk of inconsistent obligations unless the absent party is joined. *Thomas*, 189 F.3d at 667. Once a court finds that the absent party is necessary, it must decide if that party is indispensable to the litigation. *Thomas*, 189 F.3d at 667. Four factors relevant to this determination are:

> (1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; (2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; (3) whether a judgment entered in a party's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed.

*Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990).

Corning contends that Harper-Wyman is a necessary party because the subsidiary, Harper-Wyman, is the alleged direct participant in the alleged wrongdoing and Corning did not have any relationship with Harper-Wyman until almost thirty years after the alleged wrongdoing.

3

Corning has failed to demonstrate that Harper-Wyman is a necessary party. Complete relief can be accorded without Harper-Wyman being a party to the suit.

Furthermore, Corning has not demonstrated that Harper-Wyman's ability to protect its interests will be impaired and/or that an existing party will face a substantial risk of inconsistent obligations unless Harper-Wyman is joined. Harper-Wyman is a wholly owned subsidiary of Corning. Nothing in the record before the Court indicates that Corning has differing interests with that of its subsidiary. This common interest provides an incentive for Corning to litigate this suit properly and completely, and Harper-Wyman can depend on Corning to vigorously defend its interests in this litigation. *See Extra Equipamentos E Exportado Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) (*Extra*); *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648 (7th Cir. 1998). Therefore, Harper-Wyman will not be unfairly prejudiced if they are not joined. A 100 percent owned subsidiary is not an indispensable party where the parent company is already a party to the litigation. "We have great difficulty seeing how a 100 percent subsidiary could *ever* be an indispensable party." *Extra*, 361 F.3d at 364.

Based on the above, Harper-Wyman is not a necessary party; and dismissal pursuant to Rule 19 is denied. The cases cited by Corning are readily distinguished or fail to support Corning's argument. *See e.g., Ethypharm S.A. France v. Bentley Pharmaceuticals, Inc.*, 388 F. Supp. 2d 426 (D. Del. 2005) (denying motion to dismiss because it was not evident that defendant could not be liable under piercing corporate veil theory (based on alleged agency relationship); *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985) (implicitly rejecting *Freeman* by

contrasting *Freeman* with decisions holding a subsidiary is not an indispensable party); *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116 (D. Del. 1989) (specifically pointing out that case was not one in which piercing the corporate veil is applicable to "ignore" absence of party).

Corning also argues that Lovejoy's Second Amended Third-Party Complaint should be dismissed because it was untimely. Contrary to Corning's argument, Lovejoy timely filed its Second Amended Third-Party Complaint within the time provided in the Court's case management order.

Lastly, Corning argues dismissal is appropriate because Lovejoy failed to properly plead inconsistent legal claims because Lovejoy alleges that Corning is liable "as the successor to and alter ego of the Harper-Wyman." While Lovejoy used the term "and" in its pleadings, the allegation can reasonably be interpreted as alternatively pleading these theories of recovery. Furthermore, contrary to Corning's argument, Lovejoy's claim of successor liability in its previous complaint is not a binding admission by Lovejoy that bars Lovejoy's alter-ego claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) (allegation in first amended complaint did not constitute admission as to bar contrary allegation in second amended complaint because allegations and statements in earlier pleadings are not considered judicial admissions).

## CONCLUSION

For the foregoing reasons, Corning's Motion to Dismiss Lovejoy's Second Amended Third-Party Complaint is denied.

Dated: November 2, 2006

JOHN W. DARRAH
United States District Court Judge