AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN MUNIZ and ED MUNIZ and JOSEPH SHROKA and DIANE SHROKA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REXNORD CORPORATION, et al.,<br><br>Defendants. | No. 04 C 2405<br><br>Judge John W. Darrah |
| REXNORD CORPORATION, et al.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ARROW GEAR COMPANY, et al.,<br><br>Third-Party Defendants. | |
| LOVEJOY, INC.,<br><br>Fourth-Party Plaintiff,<br><br>v.<br><br>CORNING INCORPORATED,<br><br>Fourth-Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

Class Action Plaintiffs filed suit against Defendants, seeking recovery under Section 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended ("CERCLA"), and pendent claims under Illinois common law. In their Complaint, Muniz alleged

release of chemicals, including trichloroethylene ("TCE") and perchloroethylene ("PCE"), in and around the industrial facilities located in the Ellsworth Industrial Park in Downers Grove, IL. These chemicals subsequently migrated into the groundwater, were released in airborne vapor, and have contaminated the Muniz's property and water supply. Plaintiffs allege that Defendants' businesses operating within the Ellsworth Industrial Park are liable for these injuries.

Defendants filed third-party contribution claims against multiple Third-Party Defendants, all of whom also operate or operated facilities in the Ellsworth Industrial Park that allegedly generated and so disposed of the toxic chemicals. Third-Party Defendant, Lovejoy, Inc., subsequently filed a fourth-party contribution claim against Fourth-Party Defendant, Corning Incorporated.

Lovejoy's Second Amended Third-Party Complaint alleges that Corning's predecessor, Harper-Wyman Company, formerly owned and operated a facility in the Ellsworth Industrial Park. At the facility, Harper-Wyman used TCE and/or PCE in its manufacturing process that contaminated the soil and groundwater. In the early 1970's, Harper-Wyman ceased operations at the Ellsworth Industrial Park; and the property was sold to Lovejoy.

In 1999, Corning, as a third-tier parent through two other wholly owned subsidiaries, purchased Harper-Wyman. Following a merger agreement, Harper-Wyman became a wholly owned subsidiary of Corning. Based on Corning's acts from 2000 through 2005, Lovejoy alleges that Corning is liable for Harper-Wyman's contamination of the Ellsworth Industrial Park as the successor to "and" the alter ego of Harper-Wyman.

Corning moved to dismiss Lovejoy's Second Amended Third-Party Complaint, arguing, in part, that Lovejoy failed to join an indispensable party – Harper-Wyman. On November 2, 2006, the Court denied Corning's motion to dismiss, finding that Harper-Wyman was not a necessary nor a

indispensable party. Corning now seeks interlocutory review pursuant to 28 U.S.C. § 1292(b) of the issue whether Harper-Wyman is a necessary and indispensable party.

The district court may make a finding permitting an interlocutory appeal of an issue if the court finds that there is a substantial ground for difference of opinion on the issue and that an immediate appeal will materially advance the ultimate termination of the litigation. If the district court makes such a finding, it is within the appellate court's discretion whether to hear the interlocutory appeal. *See* 28 U.S.C. § 1292(b). The four statutory criteria for the grant of Section 1292(b) motions are: (1) a question of law, (2) the question of law must be controlling, (3) the question of law is contestable, and (4) the resolution of the issue must accelerate the litigation. *See Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (*Ahrenholz*). The motion must also be filed in the district court within a reasonable time after the order sought to be appealed was issued. *See Ahrenholz*, 219 F.3d at 675. All of these criteria must be satisfied for the district court to certify its order for an immediate appeal pursuant to Section 1292(b). *See Ahrenholz*, 219 F.3d at 676.

A "question of law" as used in the statute refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." *Ahrenholz*, 219 F.3d at 767. In other words, the question of law refers to a "'pure' question of law rather than merely to an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 677. Thus, the appellate court could decide the issue "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

Corning's motion was not filed within a reasonable time after the order denying its motion to dismiss was issued. The order sought to be appealed was issued on November 2, 2006; Corning

3

did not file its motion until December 11, 2006, over a month after the disputed order was issued. This time period was not reasonable.

In addition, the issue Corning seeks to appeal, whether Harper-Wyman is an indispensable party, does not raise a question of law as the term is used in Section 1292(b). The issue Corning seeks to appeal would require the Seventh Circuit to review this Court's findings that Harper-Wyman was not a necessary party nor an indispensable party. Both would require the Seventh Circuit to revisit the Court's application of seveleral factors relevant to these findings based on the facts of this case. The contested issue is not "a question of the meaning of a statutory or constitutional provision, regulation, or common-law doctrine."

Furthermore, an interlocutory appeal would not accelerate the resolution of the litigation. The interlocutory appeal that Corning seeks to make would decide an issue as to one of Lovejoy's claims – the alter-ego claim. Assuming that the Seventh Circuit agreed to accept Corning's appeal and ruled in Corning's favor, that ruling would not resolve the litigation because trial would be required to proceed on Lovejoy's remaining claim; and trial of the issues presented in that claim would be unaffected by the Seventh Circuit's ruling.

Based on the above, Corning's petition fails to satisfy at least three of the five criteria for an interlocutory appeal pursuant to Section 1292(b). In light of these findings, the Court need not address the remaining two criteria.

For the foregoing reasons, Corning's motion for a finding pursuant to 28 U.S.C. § 1292(b) is denied.

Dated: January 23, 2007

JOHN W. DARRAH
United States District Court Judge

4